N/S/I

RE#LATE DDJ

FILED

Hope Brown
817 san julian st #207
los Angeles , CA 90014
hopemel547@gmail.com
(323) 202-3464

2023 AUG -1  AM 11:12

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY: EEE

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – Los Angeles

HOPE BROWN,

    Plaintiff,

vs.

    Defendants.

Mariners Bay,LLC
Legacy partner , inc
Wayfarer Apartments + marina
Sarah tanner    Guy K . Hays
Anthony sears    Robert A. Calleja
Cheryl mccarthy    David J. Eichler
Alexander Gruft    Timothy J. O'Brien
C . Preston Butcher
W . Dean Henry

DOES 1 to13. inclusive,

Case No.:

LACV23-06206-JVS(GJS)

**VERIFIED COMPLAINT FOR DAMAGES**

1. **Conspiracy Against Rights**
   42 USC § 1985[3];
2. **Fraud by Intentional Misrepresentation;**
3. **Personal Injuries Based on Negligence**
   [Civ. Code §§ 1714(a), 3333];
4. **Retroactive Rent Abatement;**
5. **Breach of Implied Warranty of Habitability;**
6. **Negligent Maintenance;**
7. **Maintenance of Nuisance;**
8. **Abuse of Process;**
9. **Forcible Entry;**
10. **Intentional infliction of Emotional Distress**

Magistrate: Hon. Alicia G. Rosenberg

and Demand for Jury Trial

Unlimited, Amount Demanded exceeds $25,000

**Comes** plaintiff, Hope Brown and for her **complaint**,

hereby complains, states and alleges as follows:

///////////////

1 ///////////////

## JURISDICTION & VENUE

1. The damages concern the property at Slip E 1721 , E 1722 MorganSailboat & Wellcarft baot

    14000 Palawan way, Maraina del Rey , Ca 90292 "subject property".

    The primary causes of action are *Conspiracy*

    *against Rights and Fraud.*

2. The damages exceed $75, 000. Therefore, United States District Court is the proper venue.

## PARTIES

3. Plaintiff *Hope Brown* is, and at all times herein mentioned, was a

resident of the County of Los Angeles, state of California.

4. Defendants named herein and Does 1-13 acted, conspired and participated in each act and

    omission herein alleged against defendants.

5. Defendants, DOES 1 through 13, are persons unknown who conspired with the named

    defendants and participated in the acts and omissions alleged in this complaint

6. The true names and capacities, whether individual, corporate, associate or otherwise, of

DOES 1 through 13, inclusive, are unknown to Plaintiff, who therefore, sue said Defendants by

such fictitious names. Plaintiff is informed and believes, and thereon alleges, that each of the

defendants designated herein as a DOE negligently or intentionally caused the injuries and damages

sustained to Plaintiff herein alleged. Plaintiff will amend the complaint when the true names of

the fictitiously named defendants are discovered or after leave of court is granted, if required.

7. Wherever and whatever reference is made in this complaint to any act or failure to act by

Defendant or Defendants, such allegations and references shall also be deemed to mean the acts

and failures of Defendants, whether acting individually, or jointly and severally.

## FIRST CAUSE OF ACTION FOR "FRAUD
## BY CONSPIRACY AGAINST RIGHTS
### against

Mariners Bay,LLC Legacy partner , inc Wayfarer Apartments + marina
Sarah tanner Anthony sears Cheryl mccarthy Alexander Gruft
C . Preston Butcher  W . Dean Henry Guy K . Hays Robert A. Calleja
David J. Eichler Timothy J.O'Brien DOES 1 TO 13

8. Plaintiffs hereby re-allege and incorporate herein by reference each and every allegation

previously stated as though fully set forth herein. The plaintiff refers to and incorporate, as

though fully set forth herein, Paragraphs 1-7, inclusive of the complaint.

9. On or about July,19 2023   Cheryl mccarthy **telephoned** Plaintiff Hope David Dadon Fiance

and her friend David Dadon, and threatened to have his friend police arrest and jail

plaintiff and Dadon unless, David Dadon and Plaintiff would agree to not sue his clients.

10. California State Bar **Rules of Professional Conduct, 5-100**

provides that a "member shall not threaten to present criminal, administrative, or disciplinary

charges to obtain an advantage in a civil dispute." As one would expect, the rule applies even

if the "civil dispute" has not yet resulted in the filing of a lawsuit (subd. (C)) and does not

apply where the filing of a charge with an administrative body is required as a condition to the

filing of a civil action. (Subd. (B).)

11. Defendants and each of them, knowingly and willfully **conspired, "acted in concert"** and

agreed among themselves to damage the plaintiff be depriving him of the privileges and

rights within the Constitution of the United States of America because plaintiffs are of

**Jewish** ethnicity/Religion who **belongs to a protected class**.

12. Whereas Plaintiff and Defendants entered into a contract, where Plaintiff paid

the advanced payment for rent. However, Defendants edited the signed contract after it had

1  been signed to make it look as if the contract had ended because of dislike of Plaintiff's

2  race and religion after they discovered that Plaintiff is of Jewish ethnicity/religion.

3  Defendants did these acts under color of law, and acted "in concert" in violation of

4  Plaintiffs' Civil Rights. Plaintiff is uncertain if true names of Does 1-13, and will ask for leave

5  to amend when the identities are discovered.

6       WHEREFORE, plaintiff prays for judgment against each and every defendant in an amount

7       according to proof (at least $75,000) and for costs incurred in the pursuance of justice.

### SECOND CAUSE OF ACTION FOR "FRAUD BY INTENTIONAL MISREPRESENTATION"

against

Mariners Bay,LLC Legacy partner , inc Wayfarer Apartments + marina
Sarah tanner Anthony sears Cheryl mccarthy Alexander Gruft
C . Preston Butcher  W . Dean Henry Guy K . Hays Robert A. Calleja
David J. Eichler Timothy J. O'Brien DOES 1 TO 13

13. Plaintiffs hereby re-allege and incorporate herein by reference each and every allegation

previously stated as though fully set forth herein. The plaintiffs refer to and incorporate, as

though fully set forth herein, Paragraphs 1-7, inclusive of the complaint.

14. On or about July.19, 2023 Cheryl mccarthy 1 TO 13 made false

statements to plaintiff which they knew to be false concerning *Plaintiffs'* residence.

Specifically, defendants stated that they would make all repairs within 5 days of plaintiff

giving notice. However, defendants never complied with their promise to make repairs.

15. Additionally, on or *about* July.19, 2023 Cheryl mccarthy agreed to a Lease for a

One Year Term… However, around One Month ago, she whited out the date, and changed the

date on the termination portion to make it falsely appear as if the lease had ended.

16. On or about July.19, 2023 Cheryl mccarthy , told

Plaintiff and her friend, David Dadon, that the California Laws entitle Defendants

to have Plaintiff and Dadon arrested, unless they agree to not sue his clients.

Mrs . Cheryl mccarthy  knew that his statement was false when he made it.

Plaintiff relied on mccarthy's statement. The other defendants delegated the authority to

Mrs .mccarthy to relay their message to plaintiff. Therefore, all defendants acted and conspired

in this incident of fraud.

The reliance resulted in harm to plaintiff.

Plaintiff was damaged by the harm caused by Mrs .mccarthy  by severe anguish

and emotional distress in the amount of at least $75,000.

17. At the time that Defendants and Does 1-13, made their representations, they

knew them to be untrue.

*18.* Plaintiff relied on the representations of Defendants and Does 1-13 and *paid*

WAYFARER *advanced Rent and a Security Deposit,* Sign lease for one year

*Lease. However,* Cheryl mccarthy *altered the lease with white out or forgery later, by fraud.*

19. As a result of Defendants misrepresentations Plaintiff suffered damages in an Amount

of $75,000 and is also entitled to punitive damages in the amount of $50,000. Defendants actions

caused damage to Plaintiff's reputation, credit, credibility in the community.

### THIRD CAUSE OF ACTION FOR
### PERSONAL INJURIES BASED ON NEGLIGENCE

against Mariners Bay,LLC Legacy partner , inc Wayfarer Apartments + marina
Sarah tanner Anthony sears Cheryl mccarthy Alexander Gruft
C . Preston Butcher  W . Dean Henry  Guy K . Hays Robert A. Calleja
David J. Eichler Timothy J.O'Brien DOES 1 TO 13

20. Plaintiff hereby re-alleges and incorporate herein by reference each and every allegation

previously stated as though fully set forth herein.

21. Plaintiff was residing on the property in 2022 to current.

On or about July.19,2023 , plaintiff suffered inhalation of mold, because defendants

failed to adequately warn plaintiff of the courruption safty on the subject property.

22. Defendants and each of them failed to disclose the specific problems with the rental

property, in that they failed to notify Plaintiffs in regards to the following problems:

- courruption safty

- durg dealers

- savage boat oversize boat

23. The problems were multiple, including, safty in in the bathroom, asbestos, and lead in the

paint, in addition to the above-referenced problems.

24. On or about July.19,2023 , Plaintiff notified Defendants by sending letters to

the designated agent for service of process for the landlord.

25. In this Letter Requesting for Repairs, Plaintiff complained about the above-referenced

problems.

26. Plaintiff's letter also had a Notice to Deduct for Costs of Repairs. However, Plaintiff never

actually deducted the costs for the repairs from the rent.

27. In this instance, Defendants and Does 1 to 13 failed to perform the

necessary repairs requested in plaintiff's written notice which requested the following repairs

and/or Problems with the Subject Property:

- courruption safty

- durg dealers

- savage boat oversize boat

28. Plaintiff is informed and believe and thereon alleges that each of the fictitiously named defendants are negligently responsible in some manner for the occurrences alleged in this complaint, and plaintiff's injuries as herein alleged were proximately caused by defendants' negligence.

29. At all times mentioned in this complaint defendant[s, and each of them, owned, operated, maintained, and controlled that certain property known as referenced above.

30. At all times mentioned in this complaint plaintiff was  a paying tenant of defendants in an rental property designated as  **the subject property.** courruption safty durg dealers savage boat oversize boat

31. Defendants failed to exercise ordinary care in the management of the above-mentioned The Marina building by their failure to make repairs necessary for plaintiffs to live in a healthy environment.

32. As a proximate result of the negligence of defendants, and each of them, plaintiffs were seriously injured in their health, strength, and activity, sustaining injuries to their LUNGS AND RESPIRORY SYSTEM, BECAUSE OF THE                                        IN THE SUBJECT PROPERTY,   and among others, sustained the following personal injuries:

"**asthma** and/or other lung malfunctions", **bronchitis**, all of which injuries have caused and continue to cause plaintiffs great mental, physical, and nervous pain and suffering.

33. Plaintiffs are informed and believe and thereon alleges that the injuries will result in some permanent disability to plaintiff and plaintiff has been damaged thereby in the sum of "According to Proof", without a specific amount, but an amount that exceeds $25,000.

34. As a further proximate result of the negligence of defendants, and each of them, plaintiffs were required to and did or will employ physicians and surgeons to examine, treat, and care for them, and did incur and/or will continue to incur medical and incidental expenses. The

exact amount of these expenses is unknown to plaintiffs at this time.

35. At the time of the events described in this complaint plaintiffs were gainfully employed. As a further proximate result of the negligence of defendants, and each of them, as alleged in this complaint, plaintiffs were prevented from attending to their usual occupation for the period of approximately one month all to their loss of earnings and have been damaged in the sum of approximately ($) According to proof.

36. By reason of the negligence of defendants, and each of them, plaintiffs will in the future be prevented from attending to their usual occupation for an undetermined period of time, all to their damage in a sum unknown to them at this time.

### FOURTH CAUSE OF ACTION FOR "RETROACTIVE RENT ABATEMENT"

against Mariners Bay,LLC Legacy partner , inc Wayfarer Apartments + marina
Sarah tanner Anthony sears Cheryl mccarthy Alexander Gruft
C . Preston Butcher  W . Dean Henry  Guy K . Hays Robert A. Calleja
David J. Eichler Timothy J. O'Brien DOES 1 TO 13

37. Plaintiff hereby re-alleges and incorporates herein by reference each and every allegation previously stated as though fully set forth herein. The complainant refers to and incorporates, as though fully set forth herein, Paragraphs 1-36, inclusive of the complaint.

38. Plaintiff was a tenant residing in the subject property.

39. Despite this knowledge and despite plaintiff's repeated requests that the conditions be remedied and repaired, Landlord failed and refused to do so, all in violation of Civil Code Sections 1941[Deering's] and 1941.1[Deering's].

40. Because of the above stated conditions, the premises leased by plaintiffs were unsafe, unhealthy, and substantially uninhabitable. In causing and permitting and in failing and refusing to repair the above stated conditions, Landlord breached the warranty of habitability. By virtue of this breach of warranty and as a result of the uninhabitable condition of the premises, the fair rental value

of the premises at all times mentioned in this complaint was $300 per month. However, Defendants

and each of them, demanded and threatened to evict Plaintiff, unless he paid the Defendants

at least approximately $ 400 each boat Ihave tow boat $ 800

41. During the last year of occupancy, plaintiff paid a total rent in the sum of $800  per

month whereas the total fair rental value of the premises during this period was no more than $300 per month, and therefore, plaintiffs have been damaged in the sum of $30,000 plus health damages, personal injury damages, and loss of use of a habitable residence, for which rent had been paid, in an amount $According to Proof, of at least $25,000.

## FIFTH CAUSE OF ACTION
### for Breach of Implied Warranty of Habitability
_against defendant

Mariners Bay,LLC Legacy partner , inc Wayfarer Apartments + marina
Sarah tanner Anthony sears  Cheryl mccarthy Alexander Gruft
C . Preston Butcher  W . Dean Henry  Guy K . Hays Robert A. Calleja
David J. Eichler Timothy J.O'Brien DOES 1 TO 13

42. Plaintiff hereby re-alleges and incorporates herein by reference each and every allegation

previously stated as though fully set forth herein. The complainant refers to and incorporates, as

though fully set forth herein, Paragraphs 1-35, inclusive of the complaint.

43. At all times mentioned in this complaint, defendant was the owner of the "rental property".

44. When the parties entered into the written agreement as mentioned in the earlier paragraphs,

the defendants **impliedly warranted that the premises were habitable**.

**45.** In accordance with the rental agreement, plaintiff entered into possession of the premises as

stated in the earlier paragraphs of this complaint.

46. At the time they rented the premises to plaintiff, the premises were unfit for human

occupation in that they substantially failed to comply with those applicable building and housing

code standards that materially affect the tenant's health and safety, because of  the other listed items

in the earlier paragraphs of this complaint.

47. Specifically, at the time plaintiff took possession, the premises were uninhabitable and unfit

for human occupation in that, <u>among other things</u>, the property had SEVERE

MAINTENANCE PROBLEMS.

48. On or about July.19, 2023., plaintiff became **increasingly aware** of the numerous defective

and dangerous conditions listed above, and others, including, but not limited to, the above

listed conditions.

49. Commencing on or about **beginning of July 2023 to** July.19, 2023 , plaintiff

repeatedly notified defendants orally and in writing, of the defective and dangerous conditions

described in this complaint and requested that defendant have them repaired, but defendants **and**

**DOES** 1-13 failed and refused to repair them, or any of them, or to have them or any of them repaired,

within a reasonable time or at all.

50. Plaintiff paid defendant rent in the amounts <u>**stated above.**</u>

51. The premises as they existed in their defective and dangerous condition had no rental value

whatsoever *or* reasonable rental **value** of the premises as they actually existed in their defective and

dangerous condition **was no more than $300** per month *or* use of the premises

was reduced as a result of their defective and dangerous condition.

52. As a proximate result of defendant's breach of their implied warranty of habitability and

their failure to repair the defective and dangerous conditions or to have them repaired within a

reasonable time or at all, plaintiff sustained **general damages of $10,000 per month**, for

a total sum of $30,000 for OVER PAID RENTS and LOSS OF INCOME based on the low value

property, because of the **hazardous** conditions.

53. As a further proximate result of defendants' breach of his/her implied warranty of habitability

and his/her failure to repair the defective and dangerous conditions or to have them repaired within a

reasonable time or at all, plaintiff suffered property damage and economic loss including, but not

1  limited to, damage to health and furniture all to his/her further damage in a sum "according to

2  proof".

3
4  54. As a further proximate result of defendants' maintenance of the nuisance, plaintiff suffered

5  discomfort and annoyance, all to **their** general damage in the $130 per day for each day that he

6  occupied the premises.

7

8  ## SIXTH CAUSE OF ACTION
9  ### for Negligent Maintenance of Premises
   against defendant
10  Mariners Bay,LLC Legacy partner , inc Wayfarer Apartments + marina
    Sarah tanner Anthony sears Cheryl mccarthy Alexander Gruft
11  C . Preston Butcher  W . Dean Henry  Guy K . Hays Robert A. Calleja
    David J. Eichler Timothy J.O'Brien DOES 1 TO 13

12  55. Plaintiff hereby incorporates Paragraphs 1–48, inclusive, of the complaint.

13  56. Under the provisions of **Civil Code § 1941**[Deering's], defendant was required to put

14  the premises in a condition fit for human occupation before renting them and to repair all subsequent

15  dilapidations, other than those caused by the tenant's want of ordinary care, that rendered the

16
17  premises untenantable.

18  57. At the time they rented the premises to plaintiff, defendants so negligently owned,

19  maintained, and repaired the premises as to cause them to be unfit for human occupation in that

20  the premises substantially failed to comply with those applicable building and housing code

21  standards that materially affect the health and safety of the tenant.

22
23  58. Specifically, as a proximate result of defendants' negligence as alleged above, the premises,

24  at the time plaintiff took possession, were uninhabitable and unfit for human occupation in that,

25  among other things, there was a reoccurring mold and mildew condition. None of these conditions

26  was known to plaintiff at the time plaintiff moved into the premises.

27
28  59. As a proximate result of defendants' negligence and his/her failure to repair the defective and

dangerous conditions or to have them repaired within a reasonable time or at all, as alleged above, plaintiffs suffered serious emotional and physical distress, all to his general damage in a sum "according to proof".

60. As a further proximate result of defendants' negligence and his/her failure to repair the defective and dangerous conditions or to have them repaired within a reasonable time or at all, and the serious emotional and physical distress caused plaintiff as a proximate result thereof, all as alleged above, plaintiff was required to and did incur medical and related expenses, all to his/her further damage in a sum "according to proof".

61. As a further proximate result of defendants' negligence and his/her failure to repair the defective and dangerous conditions or to have them repaired within a reasonable time or at all, as alleged above, plaintiffs suffered property damage and economic loss including, but not limited to, suffering a limited ability to fulfill the work obligations, which resulted in loss of income and the plaintiffs suffered the inability to participate in his usual everyday tasks based on, his diminished health caused by the difficulty in breathing which is a result in the **courruption safty  durg dealers savage boat oversize boat** on the "rental property".

62. Essentially, the rental property was " **WAYFARER MARINA** " because it smelt like **courruption safty  durg dealers savage boat oversize boat** other severe maintenance problems.

63. Defendants' failure to put the premises into a condition fit for human occupation at the time of renting them to plaintiff and his/her failure to repair the defective and dangerous conditions or to have them repaired within a reasonable time after plaintiff notified him/her of them or at all, as alleged above, were oppressive and malicious within the meaning of Civil Code Section 3294[Deering's] in that they subjected plaintiff to cruel and unjust hardship in willful and conscious disregard of plaintiff's rights and safety, thereby entitling plaintiff to an award of punitive damages.

## SEVENTH CAUSE OF ACTION
### for Maintenance of Nuisance

*against*

Mariners Bay,LLC Legacy partner , inc Wayfarer Apartments + marina
Sarah tanner Anthony sears Cheryl mccarthy Alexander Gruft
C . Preston Butcher  W . Dean Henry Guy K . Hays Robert A. Calleja
David J. Eichler Timothy J. O'Brien DOES 1 TO 13

64. Plaintiff hereby incorporates Paragraphs 1–57, inclusive, of the complaint.

58. The defective and dangerous conditions of the premises as alleged in this complaint

constituted a nuisance within the meaning of Civil Code Section 3479[Deering's] and Code of Civil

Procedure Section 731[Deering's] in that they deprived plaintiff of the safe, healthy, and comfortable

use of the premises.

59. Defendants maintained a hazardous and unhealthy property and refused and failed to remedy the

problems, after plaintiffs made repeated requests from  July.19,2023 ,  *to current.*

60. As a proximate result of defendants' maintenance of the nuisance, plaintiffs suffered

discomfort and annoyance, all to his general damage in an amount "according to proof".

61. As a further proximate result of defendants' maintenance of the nuisance, plaintiff suffered

property damage and economic loss including, but not limited to, loss of use of the subject

property.

62. Additionally, the rear of the property was without use, from THE ABOVE STATE DATES

because of the **unrepaired items and harassment by defendants.**

63. In maintaining the nuisance, defendants acted with full knowledge of the consequences

thereof and of the damage being caused to plaintiffs. Despite this knowledge, defendant failed to

abate the nuisance by repairing the defective and dangerous conditions of the premises or causing

them to  be repaired. His/Her failure to act was both oppressive and malicious within the meaning of

Civil Code Section 3294[Deering's] in that it subjected plaintiff to cruel and unjust hardship in willful

and conscious disregard of plaintiff's rights and safety, thereby entitling plaintiff to an award of

1   punitive damages.

2   64. Defendants' failure to put the premises into a condition fit for human occupation at the time of

3   renting them to plaintiff and his/her failure to repair the defective and dangerous conditions or to

4   have them repaired within a reasonable time after plaintiff notified him/her of them or at all, as

5

6   alleged above, were oppressive and malicious within the meaning of Civil Code Section

7   3294[Deering's] in that they subjected plaintiff to cruel and unjust hardship in willful and conscious

8   disregard of plaintiff's rights and safety, thereby entitling plaintiff to an award of punitive damages.

9   65. Plaintiff suffered damages in the amount of at least $26,000 for the acts and omissions

10  caused by defendants and each of them.

11  Plaintiff is entitled to **punitive damages** because defendants acted wantonly, oppressively

12  and without regard for plaintiff's suffering. Plaintiff requests punitive damages in the amount

13  of $50,000.

14  66. Plaintiff has suffered damages in the amount of $300,000.00 as a result of the above incident.

15  ### EIGHTH CAUSE OF ACTION FOR
    ### ABUSE OF PROCESS

16  against Mariners Bay,LLC Legacy partner , inc Wayfarer Apartments + marina
    Sarah tanner Anthony sears Cheryl mccarthy Alexander Gruft

17  C . Preston Butcher  W . Dean Henry  Guy K . Hays  Robert A. Calleja
    David J. Eichler  Timothy J. O'Brien DOES 1 TO 13

18

19  67. Plaintiff refers to and incorporates by this reference each allegation set

20        forth in Paragraphs 1 through 66, inclusive, as if alleged herein in full.

21  68. On or about July.19,2023 , defendant . **SARAH TANNER**   ; and DOES 1 to **13** filed a complaint

22  for unlawful detainer against David Dadon, after Plaintiff complained about **30 Day Notice**

23  **terminations of Maritime Contract for Private Wharfage defected I have one year lease**

24

25  69. On or about July.19,2023 , Defendant **Cherly mccarthy  <u>threatened to jail plaintiff</u>** and

26  her friend Mr. Dadon, unless she'd agree not to sue his clients.

27

28  70. This use of the process was not authorized in the regular course of the

    proceeding.

71. The ulterior purpose and motivation of defendant(s) in so misusing the

process in the above-described manner was to obtain the following collateral

advantage over the plaintiff:

72. The *collateral advantage* used was to get a judgement for money by false pretenses.

2. As a proximate result of the actions of defendant(s), has
been damaged generally.

73. At all times mentioned herein, DEFENDANTS and
DOES 1 to 13 acted willfully with malice and by outrageous conduct.

### NINTH CAUSE OF ACTION FOR FORCIBLE ENTRY
Against Defendants

Mariners Bay,LLC Legacy partner , inc Wayfarer Apartments + marina
Sarah tanner Anthony sears Cheryl mccarthy Alexander Gruft
C . Preston Butcher  W . Dean Henry  Guy K . Hays Robert A. Calleja
David J. Eichler Timothy J. O'Brien DOES 1 TO 13

74. Plaintiff refers to and incorporates by this reference each allegation set forth in Paragraphs 1

through 72 hereof, inclusive, as if alleged herein in full.

75. On or about July.19, 2023 **plaintiff came home, and found that someone had**

**broken into his home.**

76. Defendant  **Cherly mccarthy**  and DOES 1 to 13 illegally entered the subject property,

and ***performed a general inspection*** on the subject property, <u>without giving any prior</u>

<u>notice of intent to make repairs</u>. ***During the time*** when  **Cherly mccarthy** , and DOES 1 to 13

***entered the premises***, plaintiff had legal possession of the premises.

***WHEREFORE, DAVID DADON prays judgment*** against  **Cherly mccarthy** ; and  DOES 1 to 13

*as follows:*

1. For general damages according to proof

   or for $800,000 if by Default Judgment.

2. For Special Damages for $2,500,000

3. and Punitive Damages of at least 2,000,000

4.  For Temporary Restraining Order, Preliminary and Permanent Injunction

DATED: **July. 31,2023**

Respectfully submitted,

By _Hope Brown_

**Hope Brown**, Plaintiff

7/31/2023